[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR APPOINTMENT OF RECEIVER
This case comes to this Court on an application by the City of Groton (petitioner) under Section 16-262f of the General Statutes for the appointment of a receiver of the Groton Regency Retirement and Nursing Center, Inc. (convalescent home/respondent) because of unpaid utility bills.
Both petitioner and the operating company respondent were represented at the hearing and presented evidence, but the owner, Groton Medical Park, Inc., did not appear.
The petitioner established that the convalescent home/respondent owed over $120,000 in utilities which were in arrears and that payments were slow and always behind during winter months. From the credible evidence, the Court also finds that the convalescent home is divided into three distinct types of facilities: (1) skilled care unit; (2) intermediate care facility; and (3) a home for the "aged" unit. Each unit has a separate and distinct eating facility. Linen services are provided for all patients. All of the facilities, especially the skilled care unit, attempts to rehabilitate the patients so that they may return home.
At the time of the hearing, there were a total of 268 patients overall at the convalescent home. No breakdown was provided by the petitioner as to what amount of the utility bills were incurred in which separate unit. The Court, therefore, is required to treat the facility as a whole unit CT Page 3519 including all of its separate parts.
The petitioner claims to have satisfied the statute by showing it was a municipality providing utility services to the respondents and that a substantial amount, is overdue and unpaid. The petitioner claims that this facility as a whole is a "residential dwelling" as provided in the statute because a person should be deemed to be residing where he is staying from time to time and that any place for people to reside is a "dwelling." No definition is provided by the statute.
Under the circumstances, the ordinary meaning of the language is used. General Statutes Section 1-1.
The American Heritage Dictionary (Second College Edition) 1982 indicates that "dwelling" means: a place to live in: abode. Residence means dwelling. Abode means: a dwelling place or home. "Home" means: "a place where one lives; residence . . . a dwelling unit together with the family or social unit that occupies it; household . . ."
The respondent claims that the statute applies only to the owner or its agent not to a tenant or operating company. Thus, the claim is made that the receiver, even if one were appointed, could only look to the funds going to the owner Groton Medical Park, Inc., and not the funds paid to the operating company/leasee by the individual patients. This argument is buttressed by the language as to the applicability of the statute to the default of "the owner, agent, lessor or manager of a residential dwelling. . ." In this connection, it is noted that the statute does not say lessee and Groton Regency Retirement and Nursing Center, Inc. is found to be the lessee not the lessor.
Neither party has brought to the attention of the Court a precedent for this claimed application of the statute.
Based upon these findings, the Court concludes that this facility, especially the skilled care portion, is not a "residential dwelling" to which this statute applies. Even if it were by some stretch of the language, the statute does not call for a receiver of the lessee but of the lessor. Therefore, no receiver would be appropriate as to the operating company.
Moreover, it does not appear that the statute is designed for this situation because the statute does not suggest by its language that the receiver would pay for skilled nursing care, food preparation, housekeeping, etc., before utilities are paid nor does it determine which of the CT Page 3520 services provided the elderly and infirm should receive a priority.
Accordingly, the petition is denied.
Leuba, J.